MOURAIN<br><em>v.</em><br>POYDRAS.

---

## PETER G. MOURAIN et al. <em>v.</em> CHARLES POYDRAS, Executor.

Where a testatrix left a legacy to be paid with interest from the date of her decease, the succession is bound to pay the interest although the sum may not have been invested so as to have yielded interest.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J.   *T. J. Cooley*, for plaintiffs.   *A. Provosty*, for defendant. The judgment of the court was pronounced by

EUSTIS, C. J. This case arises from the clause in the will of *Mme. Bonneau*, quoted in the preceeding cause. The facts in both are the same. The appeal is taken by the executor from a judgment of the district court, by which the succession of *Mme. Bonneau* is condemned to pay to the plaintiffs, who are the father and mother of the minor legatee, interest at five per cent on the sum of 40,000 francs, from the 15th day of March, 1846. The clause of the will provides for the payment of the interest from the day of the decease of the testatrix. The rate, it is conceded, is authorized by the law of France as well as of this State.

MOURAIN
v.
POYDRAS.

It is contended by the counsel for the executor, that not being bound to invest the fund of 40,000 francs, he cannot be answerable for the interest the fund could produce. But the judgment is not against him: it is against the succession represented by him, and will bind those who succeed him as its representative. The succession, by the terms of the will, owes the interest from the decease of the testatrix; ample means are in the hands of the executor to pay it; and we do not see on what grounds payment of it can be refused. Our reasons given in the preceeding case, apply to this; and this judgment would be rendered inoperative on the heirs giving security as we stated in that case.

The judgment of the district court is therefore affirmed, with costs.